UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYAN JOHNSON )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ILLINOIS DEPARTMENT OF )<br>CORRECTIONS; WEXFORD HEALTH )<br>SOURCES, INC.; GRIEVANCE )<br>OFFICER E. BUTKIEWICZ; and )<br>OTHER UNKNOWN GRIEVANCE )<br>OFFICERS, PHYSICIANS, )<br>PSYCHIATRISTS, HEALTHCARE )<br>PROVIDERS, CORRECTIONAL )<br>OFFICERS, )<br>)<br>Defendants. ) | Case No. 15-cv-5715<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ryan Johnson, filed a Complaint, alleging violations of his Eighth Amendment rights while he was incarcerated at Stateville Correctional Center.  Defendants Illinois Department of Corrections ("IDOC") and Ed Butkiewicz filed a Motion to Dismiss [26] the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.[1]  For the reasons discussed below, this Motion [26] is denied.

## BACKGROUND

Plaintiff was incarcerated in the Illinois Department of Corrections ("IDOC") at Stateville from November 21, 2014, to April 24, 2015.  (Compl. ¶ 1.)  Various unknown physicians, psychiatrists, and healthcare providers (collectively, the "Medical Defendants")

---

[1] After Defendants filed their Motion to Dismiss, Plaintiff voluntarily dismissed the Illinois Department of Corrections.  Therefore, only the claims against Defendant Butkiewicz will be addressed.

treated and/or denied care and treatment to Plaintiff while he was incarcerated.  (*Id.* ¶ 6.)

Defendant Butkiewicz and other, unknown Grievance Officers were Grievance Officers at

Stateville.  (*Id.* ¶ 5.)  The Grievance Officers reviewed and denied grievances relating to

Plaintiff's medical care and treatment and/or ignored such grievances.  (*Id.*)

Plaintiff was diagnosed with Bipolar Disorder and Attention Deficit Hyperactivity

Disorder ("ADHD") approximately seventeen years ago.  (*Id.* ¶ 13.)  Since that time, Plaintiff

has received continuous care and treatment for Bipolar Disorder and ADHD.  (*Id.* ¶ 14.)  Plaintiff

was treated with Adderall and Seroquel for his conditions.  (*Id.* ¶ 16.)  Plaintiff alleges that

Defendants knew or should have known about Plaintiff's conditions.  (*Id.* ¶ 15.)  Plaintiff

informed Correctional Officers, the Medical Defendants, and other staff about his psychiatric

condition.  (*Id.* ¶ 20.)

Plaintiff alleges that he was denied his medications and appropriate medical and mental

health care during his incarceration at Stateville.  (*Id.* ¶ 17.)  Plaintiff made numerous sick-call

requests for medical and/or psychiatric treatment and made multiple requests for his prescribed

medications.  (*Id.* ¶¶ 18, 20.)  Plaintiff claims that the Medical Defendants intentionally ignored

his requests for treatment and instructed other Defendants to do the same.  (*Id.* ¶ 21.)  Plainitiff

filed approximately forty grievances regarding his medical care and medications, which were

either denied or ignored.  (*Id.* ¶ 19.)

Due to lack of treatment, Plaintiff experienced severe mood and temperament swings,

became a danger to himself and others, and was placed in the suicide room on multiple

occasions.  (*Id.* ¶¶ 23-24.)  Correctional officers and other staff made physical contact with

Plaintiff due to his manic behavior, including spraying Plaintiff in the face with mace, slamming

him into gates, and other physical abuse.  (*Id.* ¶ 25.)

Plaintiff also suffered from pain in one of his upper left molars while incarcerated at Stateville. (*Id.* ¶ 28.) The pain was due to a cavity or fracture in the tooth, which was present when Plaintiff arrived at Stateville. (*Id.* ¶¶ 29, 30.) Plaintiff made approximately ten to thirteen requests for evaluation, care and treatment of his tooth. (*Id.* ¶ 32.) Plaintiff alleges that Defendants failed to properly examine, care, and treat his dental condition. (*Id.* ¶ 33.) Plaintiff filed approximately seven grievances relating to his dental conditions. (*Id.* ¶ 34.) Plaintiff's grievances were denied and/or failed to lead to examination, care, and treatment of his dental condition. (*Id.* ¶ 35.)

## LEGAL STANDARD

A rule 12(b)(6) motion to dismiss is granted when the plaintiff fails to state a claim or claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

## ANALYSIS

The Eighth Amendment of the United States Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

U.S. CONST. AMEND. VIII.   Prison officials violate their duty under the Eighth Amendment "when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Plaintiff must satisfy two elements to prove a deliberate indifference claim:  one objective and one subjective.  *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013).  For the objective element, Plaintiff must show that he had an objectively serious medical need.  *Id.*  "A medical need is considered sufficiently serious if the inmate's condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would perceive the need for a doctor's attention."  *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)).  For the subjective element, Plaintiff must plausibly plead facts that show Defendants "were aware of his serious medical need and were deliberately indifferent to it."  *McGee*, 721 F.3d at 480.  Deliberate indifference requires more than negligence or even malpractice.  *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir.2008).   It is not disputed that Plaintiff's medical conditions were serious.

Defendants argue that there must be a direct, personal involvement with Plaintiff's treatment in order for liability to attach under § 1983.  "Some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983).  Ignoring grievances does not state a claim under § 1983; but, a "prison official can be liable under 42 U.S.C. § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance procedure."  *Blankenship v. Kittle*, No. 03 C 3573, 2003 WL 22048712, at *3 (N.D. Ill. Aug. 6, 2003) (citing *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v.*

*Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Verser v. Elyea*, 113 F. Supp. 2d 1211, 1215-16 (N.D.Ill.2000)).

Moreover, "non[-]medical officials can be chargeable with . . . deliberate indifference where they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Hayes v. Snyder*, 546 F.3d 516, 525 (7th Cir. 2008) (internal quotations omitted)). "Non-medical defendants cannot simply ignore an inmate's plight." *Webster*, 658 F.3d at 755. Taken in the light most favorable to the Plaintiff, the Complaint alleges that Butkiewicz reviewed and denied or ignored grievances stating that Plaintiff was receiving no medical care for his conditions.

Defendants argue that Plaintiff insufficiently alleges that Butkiewicz had any medical training, that Butkiewicz was responsible for providing medical care, or that Butkiewicz had the authority to remedy the situation. Defendants also argue that the Complaint contains no allegations indicating specific grievances or how many grievances Butkiewicz reviewed. Plaintiff is not required "to plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). "Under the modern regime of the Federal Rules, the complaint need contain only factual allegations that give the defendant fair notice of the claim for relief and show the claim has 'substantive plausibility.'" *Id.* (citing *Johnson v. City of Shelby*, 135 S.Ct. 346 (2014)). Plaintiff alleges that Butkiewicz knew that prison doctors were failing to treat Plaintiff and took no action, which is sufficient to plead a deliberate indifference claim.

**CONCLUSION**

For the reasons discussed above, Defendants' Motion to Dismiss [26] is denied.

Date: _____December 3, 2015_____          _____

JOHN W. DARRAH
United States District Court Judge